# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

TRAVELERS CASUALTY INSURANCE, )
COMPANY OF AMERICA, )
                                )
           **Plaintiff,**         )
                                )
**v.**                              )   **Case No.:** _____
                                )
**WEIQI LI, in his individual capacity,** )
                                )
**WEIQI LI D/B/A HUNAN,**       )
                                )
**SHAO CAN CHEN, in his individual capacity,** )
                                )
**SHAO CAN CHEN D/B/A HUNAN,** )
                                )
**MING CHEN,**               )
                                )
**LORI DRUMMOND,**        )
                                )
**KAREN STOLLINGS,**       )
                                )
**and**                              )
                                )
**PAULA STOCKLAUFER,**     )
                                )
           **Defendants.**     )

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW plaintiff Travelers Casualty Insurance Company of America ("Travelers"), by and through counsel, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, and for its Complaint for Declaratory Judgment, states, avers, and alleges as follows:

### Jurisdiction and Venue

1.     Plaintiff Travelers is an insurance company organized and existing under the laws of Connecticut with its principal place of business in Connecticut.

2.     Defendant WeiQi Li, an individual, is a resident of Cameron, Missouri.

3. Defendant WeiQi Li d/b/a Hunan, is a restaurant business located in Cameron, Missouri.

4. Defendant Shao Can Chen, an individual, is a resident of Cameron, Missouri.

5. Defendant Shao Can Shen d/b/a Hunan, is a restaurant business located in Cameron, Missouri.

6. Ming Chen, an individual, is a resident of Cameron, Missouri.

7. Defendant Lori Drummond is a resident of Liberty, Missouri.

8. Defendant Karen Stollings is a resident of Cowgill, Missouri.

9. Defendant Paula Stocklaufer is a resident of Liberty, Missouri.

10. This cause of action arises out of an insurance coverage dispute. Travelers seeks a determination of its rights and obligations under a policy of insurance issued to named insured "WeiQiLi d/b/a Hunan", in connection with an automobile accident that occurred in Clinton County, Missouri and in which Leonard Vanderpool was killed.

11. Defendants Drummond, Stollings, and Stocklaufer (the "Wrongful Death Claimants") are upon information and belief the statutory wrongful death beneficiaries and claimants of decedent Vanderpool and have brought an action for wrongful death in the Circuit Court of Clinton County, Missouri, Case No. 19CN-CC00072 (the "Wrongful Death Action").

12. In the Wrongful Death Action, it is alleged that Defendants WeiQi Li, an individual; WeiQi Li d/b/a Hunan; Shao Can Chen, an individual; Shao Can Shen d/b/a Hunan; and Ming Chen, an individual, caused or contributed to cause the automobile accident in which Vanderpool was killed (the "Wrongful Death Defendants").

13. The amount in controversy exceeds $75,000.00, in that:

    a. The subject Travelers insurance policy contains a liability limit of $1 million;

b. The value of the underlying wrongful death claim exceeds $75,000.00;

c. Counsel for the Wrongful Death Claimants sent Travelers a request for payment of the policy limit;

d. Further, if coverage exists, Travelers could owe Additional Payments sums under the Policy under certain circumstances, including defense costs, interest, appeal bonds, and other expenses. In that regard, at present Travelers is providing a defense to the Wrongful Death Defendants, under a full reservation of rights, and incurring substantial defense costs and expenses.

14. This dispute exists among citizens of different states. Consequently, jurisdiction is proper in this court pursuant to 28 U.S.C.A. § 1332.

15. Venue is proper in this district pursuant to 28 U.S.C.A. § 1391(b)(2), as the subject automobile accident giving rise to the claim occurred in Clinton County, Missouri, within this judicial district. Further, Defendant WeiQi Li d/b/a Hunan, the named insured on the subject Travelers insurance policy, at the relevant times resided and/or was located in Cameron, Missouri, within this judicial district, and the subject Travelers insurance policy was issued and delivered there. Accordingly, this is the appropriate venue to construe and apply the insurance policy.

### General Allegations

16. Plaintiff Travelers incorporates the preceding paragraphs as if fully set forth herein.

17. On January 21, 2019, it is alleged that Defendant Li was operating a 2017 Ford Explorer when he failed to heed a stop sign at the intersection of U.S. 69 and MO-116 in Clinton County, Missouri, striking a 1994 Buick Regal operated by decedent Vanderpool, killing him.

18. Travelers issued Restaurant PAC insurance policy to named insured "WeiQi Li d/b/a Hunan", identified by policy number 680-8J000076-18-42 ("the Policy"). A copy of the policy is attached hereto as Exhibit "A" and is incorporated herein by reference.

19. The nature of the allegations and claims against Li in the Wrongful Death Action are couched in terms of alleged automobile negligence, for example that Li allegedly "failed to keep a careful lookout," "failed to keep the motor vehicle he was operating under proper control and in his lane of travel," "failed to lawfully or otherwise slow or stop his motor vehicle prior to the collision with the vehicle Leonard Eugene Vanderpool was driving," "failed to yield the right of way," and so on. It is also alleged that each of the Wrongful Death Defendants was in the "course and scope" of agency or employment with Hunan Restaurant at the time of the accident.

20. Travelers seeks a Declaratory Judgment concerning its duties and obligations, if any, under the Policy in connection with the claim(s) or Wrongful Death Action associated with the subject automobile accident. Specifically, as set forth herein, Travelers asserts there is no coverage under the Policy for the auto accident because the Policy provides only Commercial General Liability and Businessowners Property Coverage, not Auto Liability coverage. The Commercial General Liability coverage form specifically excludes claims for bodily injury arising out of the "ownership, maintenance, use or entrustment to others" of any "auto" as discussed herein.

**Parties**

21. Travelers incorporates the preceding paragraphs as if fully set forth herein.

22. Defendant WeiQi Li d/b/a Hunan is a necessary or proper party to this action for declaratory relief because WeiQi Li d/b/a Hunan is the named insured under the Policy and thus any rights, duties or obligations (if any) of Defendant WeiQi Li d/b/a Hunan under the Policy and

in connection with the claims asserted will be impacted by the outcome of this declaratory judgment action.

23. Defendant WeiQi Li, an individual, is a necessary or proper party to this action for declaratory relief because he is a defendant in the Wrongful Death Litigation and because the Wrongful Death Claimants have asserted coverage exists under the Policy, and thus WeiQi Li, an individual's rights, duties or obligations (if any) under the Policy and in connection with the claims asserted will be impacted by the outcome of this declaratory judgment action.

24. Defendant Shao Can Chen d/b/a Hunan is a necessary or proper party to this action for declaratory relief because Shao Can Chen d/b/a Hunan is a defendant in the Wrongful Death Litigation and thus any rights, duties or obligations (if any) of Defendant Shao Can Cheni d/b/a Hunan under the Policy and in connection with the claims asserted will be impacted by the outcome of this declaratory judgment action.

25. Defendant Shao Can Chen, an individual, is a necessary or proper party to this action for declaratory relief because he is a defendant in the Wrongful Death Litigation and because the Wrongful Death Claimants have asserted coverage exists under the Policy, and thus Shao Can Chen, an individual's rights, duties or obligations (if any) under the Policy and in connection with the claims asserted will be impacted by the outcome of this declaratory judgment action.

26. Defendant Ming Chen, an individual, is a necessary or proper party to this action for declaratory relief because she is a defendant in the Wrongful Death Litigation and because the Wrongful Death Claimants have asserted coverage exists under the Policy, and thus Shao Can Chen, an individual's rights, duties or obligations (if any) under the Policy and in connection with the claims asserted will be impacted by the outcome of this declaratory judgment action.

27.     Defendants Drummond, Stollings, and Stocklaufer are necessary or proper parties to this action for declaratory relief because their claim(s) or rights related to the Policy (if any) in connection with the automobile accident will be impacted by the outcome of this declaratory judgment action.

<u>**Insurance Policy**</u>

28.     Travelers incorporates the preceding paragraphs as if fully set forth herein.

29.     Travelers issued the subject Restaurant PAC Policy, No. 918085610, with effective dates of August 7, 2018 to August 7, 2020, to named insured "WeiQi Li d/b/a Hunan."  (See Exhibit A, at Businessowners Coverage Part Declarations).

30.     The Policy provides Commercial General Liability Coverage limits of $1,000,000.00 each occurrence, subject to all terms, provisions, conditions, exclusions, definitions and applicable reductions described in the policy.

31.     The Policy further provides, in relevant part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered. Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance. The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured. Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those

damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. [. . . .]

[. . . .]

**2. Exclusions**

This insurance does not apply to:

[. . . .]

**g. Aircraft, Auto or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

[. . . .]

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

[. . . .]

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

[. . . .]

**XTEND ENDORSEMENT**

[. . . .]

**PROVISIONS**

**A. BROADENED NAMED INSURED**

The Named Insured in Item 1. of the Declarations is as follows:

The person or organization named in Item 1. of the Declarations and any organization, other than a partnership or joint venture, over which you maintain ownership or majority interest on the effective date of the policy. However, coverage for any such organization will cease as of the date during the policy period that you no longer maintain ownership of, or majority interest in, such organization.

[. . . .]

**MOBILE EQUIPMENT REDEFINED – EXCLUSION OF VEHICLES SUBJECT TO MOTOR VEHICLE LAWS**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

[. . . .]

**2.** The following replaces the definition of "auto" in the DEFINITIONS Section:

**2.** "Auto" means:

a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

b. Any other land vehicle that is subject to a compulsory or financial responsibility law, or other motor vehicle insurance law, where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**3.** The following is added as to the definition of "mobile equipment" in the DEFINITIONS Section:

However, "mobile equipment" does not include any land vehicle that is subject to a compulsory or financial responsibility law, or other motor vehicle insurance law, where it is licensed or principally garaged. Such land vehicles are considered "autos".

### COUNT I – DECLARATORY JUDGMENT

55.     Travelers incorporates the preceding paragraphs as if fully set forth herein.

56. There is no Commercial General Liability coverage for the underlying auto accident. The Commercial General Liability coverage form only provides coverage as set forth in the Policy.

57. The Commercial General Liability coverage form excludes coverage for "bodily injury" or "property damage" arising out of the "ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading"."

58. The 2017 Ford Explorer operated by Defendant Li and involved in the accident qualifies as an "auto" as defined under the policy.

59. The automobile accident, and any and all claims alleged pursuant to the accident, including in the Wrongful Death Action, arise out of the Wrongful Death Defendants' individual or collective ownership, maintenance, use or operation of the 2017 Ford Explorer.

60. The exclusion applies "even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured." Thus, any claim against Travelers' insured, WeiQi Li d/b/a Hunan or the Wrongful Death Defendants of this nature is excluded.

61. There is no other portion of the Policy which provides coverage for an auto-related loss. Auto-related losses are simply not the type of risk insured in a Policy like the Travelers Restaurant PAC Policy issued to WeiQi Li d/b/a Hunan in this case.

62.     Additionally, the Wrongful Death Defendants, and each of them, do not qualify as an "insured" under the Policy in relation to this loss, because he/she/they was/were not acting in an official capacity on behalf of Hunan restaurant at the time of the auto accident.

63.     Accordingly, no "insured person" as defined under the Policy can be legally responsible for the bodily injury / wrongful death claim arising from this auto accident and thus there is no coverage under the Policy.

WHEREFORE, Plaintiff Travelers prays for the following relief:

(a)     A declaration of the Court that the Travelers Policy does not provide liability coverage with respect to any claims arising out of the January 21, 2019 collision;

(b)     A declaration of the Court that Travelers is not obligated to defend WeiQi Li, an individual, under the Policy in connection with any claims arising out of the auto accident which occurred on January 21, 2019, including but not limited to the Wrongful Death Action cited herein.

(c)     A declaration of the Court that Travelers is not obligated to defend WeiQi Li d/b/a Hunan, under the Policy in connection with any claims arising out of the auto accident which occurred on January 21, 2019, including but not limited to the Wrongful Death Action cited herein.

(d)     A declaration of the Court that Travelers is not obligated to defend Shao Can Chen d/b/a Hunan, under the Policy in connection with any claims arising out of the auto accident which occurred on January 21, 2019, including but not limited to the Wrongful Death Action cited herein.

(e)     A declaration of the Court that Travelers is not obligated to defend Shao Can Chen, an individual, under the Policy in connection with any claims arising out of the auto

accident which occurred on January 21, 2019, including but not limited to the Wrongful Death Action cited herein.

(f)     A declaration of the Court that Travelers is not obligated to defend Ming Chen, an individual, under the Policy in connection with any claims arising out of the auto accident which occurred on January 21, 2019, including but not limited to the Wrongful Death Action cited herein.

(g)   For all other and further relief as the Court deems just and proper.


Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

*/s/ Christopher M. Harper*_____
JOHN L. MULLEN                     MO #42309
CHRISTOPHER M. HARPER     MO #59000
8900 Ward Parkway
Kansas City, Missouri  64114
Phone: (816) 421-7100
Fax:     (816) 421-7915
*jmullen@fsmlawfirm.com*
*charper@fsmlawfirm.com*
**Attorneys   for   Plaintiff   Travelers   Casualty Insurance Company of America**